

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5435 | **DATE** | 2/24/2012 |
| **CASE TITLE** | McDonald vs. Village of Palatine | | |

**DOCKET ENTRY TEXT**

Defendant is granted leave to file a motion for summary judgment on or before March 30, 2012. Plaintiff's response is due on or before April 13, 2012. Defendant's reply is due on or before April 20, 2012.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

The pro se Plaintiff Michelle Eva McDonald ("McDonald") filed an employment discrimination claim against Defendant Village of Palatine ("Palatine") on September 23, 2008. McDonald alleged gender discrimination, harassment, and retaliation in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C § 2000e et seq. and pay discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). On May 8, 2009, the Court granted Palatine's motion to dismiss McDonald's Title VII claims with prejudice. McDonald was granted leave to file a more definite statement of facts based on her Equal Pay Act claim only. McDonald timely filed a more definite statement on June 19, 2009.

On July 31, 2009, McDonald filed a motion for leave to amend the pleadings, which the Court denied on September 14, 2009. The Court also warned McDonald not to file frivolous pleadings:

> This Court does not take lightly the Plaintiff's failure to comply with procedural and substantive rules. We thus remind Plaintiff that the right to self representation does not exempt her from compliance with relevant procedural and substantive rules. . . . In the future, should the Plaintiff file similar meritless motions, the Court shall consider the imposition of sanctions upon a motion by the Defendant.

Minute Order, Sept. 14, 2009. On October 16, 2009, McDonald filed a notice of appeal, which the Seventh Circuit subsequently dismissed for lack of jurisdiction. McDonald v. Vill. of Palatine, No. 09-3551 (7th Cir. Dec. 8, 2009) ("Although the district court disposed of plaintiff's Title VII claims, plaintiff's Equal Pay Act claim remained pending before the district court. As such, this appeal is premature.").

On April 9, 2010, McDonald filed a document styled "Formal Objection to Ruling Granted Defendant's Motion to Dismiss Entered on May 8, 2009." McDonald brought the motion pursuant to Federal Rule of Civil Procedure 46, which concerns the taking of formal exception to rulings of the Court at trial, and therefore has no applicability here. See Ellis v. City of Chi., 667 F.2d 606, 610 (7th Cir. 1981) ("Rule 46

| STATEMENT |
|---|

merely abolishes the necessity for formal exceptions to court rulings or orders."). The Court was not required to consider this frivolous pleading. Further, even if the Court were to construe the "Formal Objection" as a motion for reconsideration pursuant to Rule 60(b), the motion is without merit. The arguments raised by McDonald were all soundly rejected by the Court in its May 8 order dismissing McDonald's Title VII claims with prejudice.

Since filing her "Formal Objection" on April 9, 2010, McDonald has done nothing to prosecute her Equal Pay Act claim. On February 24, 2012, the Court conducted a hearing on a rule to show cause why this case should not be dismissed for want of prosecution (the Court has dismissed the rule to show cause in a separate order). At the hearing, counsel for Palatine noted that he was prepared to file a summary judgment motion on the Equal Pay Act claim. Palatine is therefore granted leave to file a motion for summary judgment on or before March 30, 2012. McDonald's response is due on or before April 13, 2012. Palatine's reply is due on or before April 20, 2012.

IT IS SO ORDERED.

2012 FEB 24 PM 3: 45
U.S. DISTRICT COURT