# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE EVA MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 5435 |
| v. ) | |
| ) | |
| VILLAGE OF PALATINE, ) | |
| ) | |
| Defendant. ) | Hon. Charles R. Norgle |

## OPINION AND ORDER

Plaintiff Michelle Eva McDonald ("Plaintiff") sues Defendant Village of Palatine ("Defendant") under the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d). Before the Court is Defendant's Motion for Summary Judgment. For the following reasons, summary judgment is granted in favor of Defendant.

## I. BACKGROUND

### A. Facts[1]

Plaintiff was hired as an "Inspector I" for Defendant on January 12, 2004, beginning at the Step 1 pay level. Def.'s Statement of Facts ¶ 9. During Plaintiff's employment with Defendant, she received promotions up to the Inspector I Step 3 pay level, including two cost of living adjustments. Id. ¶¶ 11 – 15. On February 6, 2006, Plaintiff filed a Freedom of Information Act ("FOIA") request with Defendant seeking 2005 payroll information for employees in the Community Services Department. Pl.'s Statement of Facts ¶ 57. Defendant requested a seven-day extension for the FOIA

---

[1] The Court takes the undisputed facts from the parties' Local Rule 56.1 statements and notes disputed facts within the text.

request on February 13, 2006, after which Defendant tendered what it represented to be the responsive documents to Plaintiff. Id.

Plaintiff tendered her resignation letter to Defendant on May 1, 2006, and stated that May 12, 2006 would be her last day. Def.'s Statement of Facts ¶ 16. Plaintiff disputes that her employment ended in May of 2006. She claims that she received a final paycheck in the form of a reimbursement check from her healthcare provider in September of 2006 due to an overpayment of premiums. Pl.'s Statement of Facts ¶ 55. The Court rejects Plaintiff's statement pursuant to Local Rule 56.1 because it was made without reference to supporting evidence. See Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003). Plaintiff was served with a Notice to Pro Se Litigant Opposing Motion for Summary Judgment informing her that "[y]our list of disputed facts should be supported by your documents or declarations." Notice to Pro Se Litigant 1. If Plaintiff intended to rely on her own declaration in support of her additional facts, she was required to include that the statements were true under penalty of perjury, sign, and date the declaration—but she did not. Id. Plaintiff failed to provide documents or declarations to support her statement that she received her last paycheck in September of 2006. "[U]nsupported statements in a brief are not evidence and cannot be given any weight." Taylor v. Waterloo, No. 07 C 6644, 2009 WL 2589509, at *1 (N.D. Ill. Aug. 18, 2009). The Court, therefore, accepts as undisputed Defendant's statement that Plaintiff's last day of work was May 12, 2006.

On May 1, 2006, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging gender discrimination against Defendant

2

based on Title VII. Id. at ¶ 16. Plaintiff further alleges that Defendant paid her less than male employees based on her gender in violation of the EPA.

**B. Procedural History**

Plaintiff's pro se complaint asserting claims under Title VII and the EPA was received by the clerk's office on September 23, 2008. The complaint was filed on October 6, 2008, following the denial of Plaintiff's *in forma pauperis* ("IFP") petition.[2] On May 8, 2009, the Court dismissed Plaintiff's Title VII claims and granted her leave to file a more definite statement as to her EPA claim. Plaintiff filed a more definite statement on June 19, 2009, which Defendant answered on July 6, 2009.

On July 31, 2009, Plaintiff filed a motion to amend her pleadings. On September 14, 2009, the Court denied the motion and admonished Plaintiff not to file frivolous pleadings and to follow the rules of procedure. Plaintiff subsequently appealed the Court's September 14, 2009 Order. On December 8, 2009, the Seventh Circuit dismissed Plaintiff's appeal as premature because a final judgment pursuant to Federal Rule of Civil Procedure 58 had not been entered by the Court. Plaintiff then filed a "Formal Objection" to this Court's May 8, 2009 Order on April 9, 2010, which Defendant responded to on April 29, 2010.

Plaintiff did not take any further action for almost two years when the Court ordered a hearing to show cause why this case should not be dismissed for want of prosecution. Minute Order, Feb. 8, 2012. The Court held a hearing on February 24, 2012, wherein it dismissed the rule to show cause and granted Defendant leave to file a

---

[2] The statute of limitations is suspended while an IFP is pending. See Massey v. Local 743, IBT, No. 11 C 6740, 2011 WL 4540734, at *2 (N.D. Ill. Sept. 28, 2011).

3

motion for summary judgment. Defendant's motion for summary judgment is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Egan v. Freedom Bank, 659 F.3d 639, 642 (7th Cir. 2011). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Benuzzi v. Bd. of Educ. of City of Chi., 647 F.3d 652, 656 (7th Cir. 2011) (citing Groesch v. City of Springfield, Ill., 635 F.3d 1020, 1022 (7th Cir. 2011)). But before the nonmoving party "can benefit from a favorable view of evidence, [s]he must first actually place evidence before the courts." Montgomery v. Am. Airlines, Inc., 626 F.3d 382, 389 (7th Cir. 2010). The Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." Gonzalez v. City of Elgin, 578 F.3d 526, 529 (7th Cir. 2009) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook Cnty. Sheriff's Dep't, 602 F.3d 845, 849 (7th Cir. 2010) (internal quotation marks and citation omitted).

"Summary judgment is the 'put up or shut up' moment in a lawsuit." Siegel v. Shell Oil Co., 612 F.3d 932, 937 (7th Cir. 2010) (quoting Johnson v. Cambridge Indus.,

4

Inc., 325 F.3d 892, 901 (7th Cir. 2003)). Once a party has properly moved for summary judgment, "the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)). Simply showing that there is "some metaphysical doubt as to the material facts" will not defeat a motion for summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted); see also Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008). "To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in her favor; if she is unable to 'establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial,' summary judgment must be granted." Benuzzi, 647 F.3d at 662 (quoting Celotex Corp., 477 U.S. at 322) (alterations in original).

## B. Defendant's Motion for Summary Judgment

### *1. Statute of Limitations*

At issue is whether Plaintiff timely filed her action under the EPA. The EPA is a subsection of the Fair Labor Standards Act ("FLSA") which provides that a cause of action "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). It is undisputed that Plaintiff tendered her resignation on May 1, 2006 and that Plaintiff worked her last day for Defendant on May 12, 2006. It is also undisputed that Plaintiff's complaint was received on September 23, 2008. Because more than two years, but less than three years, passed before Plaintiff filed her complaint, Plaintiff must show that

Defendant willfully violated the EPA under the applicable three-year statutory period. See Hardrick v. Airway Freight Sys., 63 F. Supp. 2d 898, 904 (N.D. Ill. 1999) ("Plaintiffs bear the burden of showing that Defendant's conduct was 'willful' for purposes of the statute of limitations.").

"A violation is 'willful' under the [EPA] if the defendant either knew he was violating the Act or was indifferent to whether he was violating it or not (and therefore 'reckless')." EEOC v. Madison Cmty. Unit Sch. Dist., 818 F.2d 577, 585 (7th Cir. 1987); see also Walton v. United Consumers Club, 786 F.2d 303, 311 (7th Cir. 1986) (defining "willful" as "knowing and voluntary" for purposes of the FLSA); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 126 (1985) (interpreting "willful" to mean a "reckless disregard" as to whether one's conduct is prohibited under a statute).

Plaintiff has put forth a variety of reasons which she believes are sufficient to show that Defendant willfully violated the EPA. Plaintiff asserts that Defendant was aware of the EPA and its duty to comply therewith because, *inter alia*, it employed a trained Human Resources department. Mere knowledge of the statute, however, does not raise an inference of willfulness. See Madison Cmty. Unit Sch. Dist., 818 F. 2d at 585 ("[T]hat [respondent] knew it was subject to the Act . . . is not the same thing as knowing it was violating the act or not caring whether it was or not.").

Plaintiff also claims that Defendant knew it was violating the EPA and failed to correct the violation before her final paycheck. More specifically, Plaintiff claims that, when she filed the FOIA request seeking employee salary information, Defendant should have deduced that she, as the only female "Inspector I," was unhappy with her pay. Plaintiff further asserts that when she filed her EEOC charge on May 1, 2006, Defendant

should have been aware of her allegations regarding its pay scale because "42 U.S.C. § 2000e-5(b) required the EEOC to serve notice of the charge within 10 days of its filing." Pl.'s Resp. Mot. 32. The Court rejects Plaintiff's arguments.

Plaintiff's FOIA request cannot support an inference that Defendant willfully violated the EPA simply because it was filed by "the only female inspector working the Neighborhood Services Division." Id. at 30. The FOIA request mentioned nothing about gender or Plaintiff's grievances. See id. at Ex. 1, at p. 1. Furthermore, the possibility that Defendant knew about Plaintiff's unequal pay allegations by way of her EEOC charge before the date of her last pay check does not raise a question of fact as to whether Defendant knowingly or recklessly violated the EPA. See Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ., 579 F.3d 546, 553 (5th Cir. 2009) (finding that without evidence of a knowing violation or a failure to investigate a complaint, "the facts that [plaintiff] was paid less than many of her male colleagues and that [defendant] knew she was dissatisfied with this difference are not enough to raise a fact question as to whether [defendant] knew or recklessly disregarded that its pay scale was prohibited by the FLSA.").

Plaintiff further alleges that Defendant acted willfully by responding to her FOIA request late and providing 2006 salary information as opposed to the 2005 information that she requested. The supporting evidence provided by both Plaintiff and Defendant, however, contradicts Plaintiff's argument. Plaintiff included Defendant's request for an extension of time in which to respond to the FOIA request within her exhibits, which negates Plaintiff's own argument that Defendant's response was untimely. See Pl.'s Ex. 1, at p. 2 (showing that pursuant to statute, Defendant requested seven additional days to

fulfill the request due to the volume and specificity of the information, within which Plaintiff concedes Defendant thereafter complied). Similarly, a comparison of the salary information attached as exhibits by both parties reveals that Defendant provided 2005 salary information as requested, not 2006 figures. See id. at pp. 3-9; Def.'s Statement of Material Facts in Supp. of Summ. J. Ex. C & E-L. Plaintiff's conclusory allegations of willfulness are insufficient to "support a reasonable inference" that Defendant's conduct was willful. Antos v. Bell & Howard Co., 891 F. Supp. 1281, 1287 (N.D. Ill. 1995).

### 2. *Equitable Tolling*

Finally, Plaintiff states that the statute of limitations should be tolled because Defendant failed to turn over material salary information that was necessary to her claim. The statute of limitations can be equitably tolled "if the plaintiff knows that he or she has been injured . . . 'but he [or she] cannot obtain information necessary to decide whether the injury is due to . . . wrongdoing by the defendant.'" Id. at 1288 (citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990)). Plaintiff fails to provide any facts or supporting evidence on specifically what information has been or continues to be "concealed" from her. Plaintiff's bare statement that, "Defendant ignored requests for amicable discovery outside of Court" is insufficient to support equitable tolling of the statute of limitations. Pl.'s Resp. Mot. 36.

### III. CONCLUSION

Viewing the facts in a light most favorable to Plaintiff, there is no genuine issue of material fact as to the existence of a willful violation of the EPA. Plaintiff's action is therefore time-barred by the applicable two-year statute of limitations and Defendant is entitled to judgment as a matter of law. For the foregoing reasons, Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: June 29, 2012