## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Michelle Eva McDonald, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Village of Palatine, | ) |
| Defendant | ) |
| | ) |
| | ) |

District Court Case No.:
08 CV 5435

**FILED**

Honorable Judge:
Charles R. Norgle Sr.

*JUL 27 2012*

Magistrate Judge:
Arlander Keys

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Date of Final Order:
June 29, 2012 Doc. No.83

### Plaintiff's Rule 59 & Rule 60 Post-Judgment Motion

Plaintiff, Michelle Eva McDonald, [McDonald] *Pro Se* comes before this court

pursuant to Federal Rules of Civil Procedure 59 and 60 to move this Court in

accordance with post-judgment motions, filed in compliance with Federal Rules of

Appellate Procedure 4(a)(4)(A)and states as follows:

The relevant provisions to post-judgment motions allows McDonald to

challenge the final judgment in this case entered by the Court on June 29, 2012 by

motion and the relevant provisions of Fed.R.Civ.P.59 and Fed.R.Civ.P.60 are:

**Parts 1. Federal Rule of Civil Procedure 59:
New Trial; Altering or Amending a Judgment**

(a) IN GENERAL

(1) *Grounds for New Trial.* The court may, on motion, grant a new
trial on all or some of the issues—and to any party—as follows:

> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

> (2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

## Parts 2. Federal Rule of Civil Procedure 60: Relief from a Judgment or Order

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

> (6) any other reason that justifies relief.

2

McDonald argues that the following portions of the order entered granting summary judgment in favor of Palatine on the remaining claim for Equal Pay Act 29 U.S.C. § 206(d) are improper and are substantial basis under Rule 59 and Rule 60 for challenging such judgment and seeking relief:

## I. BACKGROUND

### A. FACTS

The conception of the decision rendered by this Court, improperly states that McDonald failed to provide evidence of wage payment in September of 2006, McDonald was disputing a fact regarding timing of payment of wages. Palatine sought to dispute such fact on the basis that the evidence is inadmissible. This Court did not rule on the admissibility of the evidence in accordance with Federal Rules of Evidence 103, therefore since the admissibility has not been rendered by this Court, Palatine's objection is without merit. Federal Rules of Evidence 402 permit all relevant evidence to be entered. McDonald admits that through inadvertent mistake she had failed to attach copies of these documents to her response and under Rule 60 such neglect should be deemed excusable. In furtherance of this request McDonald states that Palatine did not refute the existence of such fact, but merely questioned its admissibility. The issue as the interpretation of the evidence being wages had not been ruled on by the court and the order should be amended or found void on that basis. (Doc. 84 @ pg. 2). Further this Court misplaces its use of the matter of *Smith v. Lamz*, 321 F.3d 680 @ 683, (C.A.7 (Ill.),2003). This portion of the case discusses a litigant's

failure to follow mandatory obligations of responding with particularity to a statement of material facts, notably all parties in that case referenced by the Court are also represented by licensed legal counsel to practice law. Whereby McDonald is a pro se litigant without formal legal training and this Court previously denied her motion to appoint counsel, seeking to revisit such motion upon Palatine's answer, however such appointment was never reconsidered by the Court. Moreover McDonald responded to the statement of facts with particularity and what this Court attaches to this statement regarding paychecks, was an issue raised by McDonald not that of Palatine, whereby McDonald sought to have evidence of wages determined by the Court in her response precluding granting of summary judgment in Palatine's favor. That McDonald provided a fact not properly or adequately disputed by Palatine in their response as required under Local Rule 56.1(b), where they were required to controvert the existence of this fact. Palatine's conclusion of law that the fact and evidence would not be admissible was sufficient to support the granting of motion in their favor, further evidence not previously provided by Palatine to have its status and admissibility ruled upon, without such finding this Court is without procedural and substantive legal precedent to claim that McDonald expressly was derelict in responding to Palatine's motion according to the rules and even imposes a harsh sanction of granting judgment in favor of Palatine on the basis of evidence with which this Court has not ruled upon. This Court's obligation to determine the applicability of such evidence as wages precluded the granting of judgment and created a genuine

4

issue of material fact, further the opinion rendered by this Court failed to rule on the status of such evidence and merely claims it is absent from the record. McDonald does attest that Palatine's legal counsel has been sent copies of these documents through her attempts to institute discovery on two separate occasions, including June of 2010 and again in March of 2012 prior to their submission of this motion. McDonald also states that United States Supreme Court precedent precluded the granting of the motion in favor of Palatine on this basis where McDonald was not required to provide evidence that would be admissible at the time of trial to avoid the granting of summary judgment in defendants favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265, U.S.Dist.Col.,1986. This Court had never closed discovery and when there was sufficient enough information in McDonald's response to indicate that there remained an issue of discovery and that where Federal Rule of Civil Procedure 37, would deem Palatine's conduct as an incomplete disclosure and misrepresentations of their entitlement to judgment in their favor pursuant to Rule 11; this Court should take all necessary steps to correct, amend, alter, void, etc., the order it entered in the interests of law and justice.

Furthermore McDonald never disputed her last day of employment with Palatine being May 12, 2006, McDonald raised the issue in response to opposing party's motion for summary judgment set by this Court, but this does not eliminate Palatine's responsibility under the law to pay wages due and owing; that a reimbursement check for accidental death and dismemberment insurance through

5

interference in contract resulted in unpaid wages being reimbursed by Palatine in September 2006. McDonald neither misstates this matter, but proffered it in accordance with her obligations to federal rule of procedure and to the best of her ability. Such withholding of wages is specifically envisioned by the Equal Pay Act, and such response opposing Palatine's summary judgment was sufficient to prevent entry of this order as a matter of law, as such this Court should find its own order null and void, reverse the decision and grant McDonald the relief permitted under Federal Rule 56 awarding summary judgment in Plaintiff's favor.

## B. PROCEDURAL HISTORY

Where the findings made by this Court in its opinion Document 84 @ pg. 3 under the heading "Procedural History" this Court falsely declares that McDonald's application and motion to proceed in forma pauperis were denied on October 6, 2008 and further this Court describes such application as a "petition"; whereby McDonald was granted permission to proceed in forma pauperis and such decision is recorded in the record as Document 6. This fact in the order should be corrected.

## II. DISCUSSION

## A. STANDARD OF DECISION

This Court then goes on to have a discussion about the basis and rationale for granting Palatine's motion for summary judgment. That the "Opinion" states that the Court does not determine the credibility of the witnesses, evaluate the weight of the evidence or determine the truth; merely determine if there is a genuine issue of

6

material fact which precludes granting of the motion; and this Court makes such statements immediately preceding that fact that it states that "The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Benuzzi v. Bd. Of Educ. Of City of Chi.*, 647 F.3d 652, 656 (7th Cir. 2011) (citing *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1022 (7th Cir. 2011))."Document 84 @ pg. 4); such contention cited by the Court in the rationale are at opposite with each other, this Court indicates that it will either view or it will not evaluate such evidence before entering a judgment which affects the substantive rights of McDonald. The standard this Court makes for precluding summary judgment is wholly inconsistent with its "Opinion"; the Court had an obligation at this stage to rule on the motion "viewing" all facts and reasonable inferences, which may also be taken by evidentiary support in the light most favorable to McDonald, it did not. The facts were in dispute, Palatine's motion and supporting evidence strongly displayed the inconsistencies in their statements and provided evidence before the Court which precluded granting the motion. When the inquiry cannot be distangled from disputed facts, the issue cannot be resolved without trial. *Gonzalez v. City of Elgin,* 578 F.3d 526, 540, (C.A.7 (Ill.),2009). Through the Court's own supporting authority there was no basis in law or in fact to grant the motion in favor of the defendant. When ruling on the motion for summary judgment, this Court was not precluded from viewing all of the pleadings, and evidence already on file with the Court since the onset of litigation in 2008.

7

This Court's rationale in this opinion is largely based on the misapprehension
that McDonald did not supply evidence to this Court to preclude the granting of
Palatine's motion, which in itself is factually untrue. "According to the majority, Rule
56(e) of the Federal Rules of Civil Procedure,FN3 and this Court's decision in *Adickes
v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970),
establish that "the party opposing the motion for summary judgment bears the
burden of responding *only after* the moving party has met its burden of coming
forward with proof of the absence of any genuine issues of material fact." 244
U.S.App.D.C., at 163, 756 F.2d, at 184 (emphasis in original; footnote omitted). The
majority therefore declined to consider petitioner's argument that none of the
evidence produced by respondent in opposition to the motion for summary judgment
would have been admissible at trial. *Ibid.* The dissenting judge argued that "[t]he
majority errs in supposing that a party seeking summary judgment must always make
an affirmative evidentiary showing, even in cases where there is not a triable, factual
dispute." *Id.,* at 167, 756 F.2d, at 188 (Bork, J., dissenting). According
to the dissenting judge, the majority's decision "undermines the traditional authority
of trial judges to grant summary judgment in meritless cases." *Id.,* at 166, 756 F.2d, at
187." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265,
U.S.Dist.Col.,1986. Even in the dissent of the opinion rendered in *Celotex,* along with
majority opinion, supported McDonald's opposition to Palatine's motion for

summary judgment. In this case it is the defense whose position is meritless. Palatine did not meet its burden in their motion as required under the standard.

## B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### 1. STATUTE OF LIMITATIONS

The discussion in the opinion addresses specifically two points with regards to Palatine's motion the first being the statute of limitations for the Equal Pay Act 29 U.S.C. § 206(d). To reach this Court's conclusion regarding the limitations to be applied when considering this motion the Court would have to not have departed from its standards, the facts of the case, and the all the pleadings and evidence on file. In as much as it is notable that the Court overlooked and misapprehended such conditions precedent to granting judgment in Palatine's favor, the rationale used for determining that the 3 year willful statute of applications did not in fact apply and lacked support for the decision reached. Applying the true and actual facts and law before this case would have precluded entering judgment in Palatine's favor and succinctly mandated that such judgment be granted in favor of McDonald. Moreover this Court's rationale in determining which limitations to apply departs from the United States Supreme Court decision of what constitutes willful conduct requiring the application of the 3 year limitations provisions. "To obtain the benefit of the 3-year exception, the Secretary must prove that the employer's conduct was willful as that term is defined in both *Thurston* and this opinion." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 1682, (1988). "The standard of willfulness that was

9

adopted in *Thurston*-that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute-is surely a fair reading of the plain language of the Act." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, (1988). When reaching this determination the Court had to look at the evidence and the strategic misrepresentations that Palatine made before the Court when seeking a motion for summary judgment. The opposing party had an obligation to not misrepresent before the Court that they in fact provided information requisite to allowing McDonald to discover that she in fact was injured and had a claim under the EPA [FLSA]. The Court's selection of portions of Palatine's statement of facts in their motion which were explicitly disputed by McDonald is insufficient to support this Court's conclusion that the 3 year limitations period did not in fact apply. Analysis of the information provided by Palatine in their motion at Exhibit A provides for two ordinances numbers 0-41-05 and 0-115-06; neither of these was the ordinance provided to McDonald under her FOIA request. McDonald was provided with ordinance number 0-253-05, with her request under state statute. It clearly delineates that in section 9 of Ord. 0-253-05, that; "That this ordinance shall take effect and be in full force and effect on January 1, 2006. McDonald informs the Court that through mistake or inadvertence she failed to attach this copy of the ordinance to her response to the motion as a part of the FOIA response received by Palatine. Such ordinance is referred to in Defendant's Document 70 @ pg. 4, Def. Ex A.4; where it states that such ordinance was superseded by a latter one. This was

10

provided with Exhibit 1 of Palatine's response to McDonald's FOIA request, which describes those salaries as being applicable on the December 2005 payroll register. This is an affirmative act to preclude McDonald from determining if she was paid in violation of the EPA [FLSA], and required the application of state law on an evidentiary basis under the Federal Rules of Evidence. Upon further inquiry for Palatine's exhibits to their motion and by this Court's reference to such, it demonstrates that there was some sort of "arbitration decision". (Doc. 70 @ pg. 4, Def, Ex, A4). McDonald is unaware of this information, in as much as discovery has never occurred between McDonald and Palatine and defense has chosen to withhold such information. If Palatine was aware that they have in fact withheld wages from McDonald since January 1, 2006 through May 12, 2006, and as of yet has failed to provide compensation for those withheld wages, the 3 year limitations period does in fact apply. Without this information which further discovery was requested by McDonald in her response to their motion, this Court was precluded from in fact and under law entering judgment in their favor. Fed.R.Civ.P.56. In addition, Palatine in their response to McDonald's opposition to their motion, did not provide any evidence to controvert her statements which were made under conditions precedent for rules of conduct and in conformance with Federal Rule of Civil Procedure 11, to which this Court also makes reference that McDonald failed to provide such evidence. In Palatine's response there are no denials that McDonald's statement of facts are in fact not truths. Merely that they don't like the sound of their own conduct

11

or that they may have a corporate self-consciousness to their own reflection. Palatine
had a legal obligation before this Court to not assert misrepresentations that they were
entitled to summary judgment as a matter of law, when in fact they remain in violation
of the EPA[FLSA] and labor laws in regards to payment of wages. Moreover in the
dissenting opinion expressed in the matter of *McLaughlin v. Richland Shoe Co.*, Justice
Marshall specifically stated what standards are to be applied under the willfulness
provisions being adopted by the majority opinion and said; "Under this latter
standard, a violation of the FLSA is "willful" and therefore subjects an employer to a
3-year rather than a 2-year statute of limitations if the employer knew that there was
an appreciable possibility that it was covered by the Act and failed to take steps
reasonably calculated to resolve the doubt." *McLaughlin v. Richland Shoe Co.*, 486 U.S.
128, 136, 108 S.Ct. 1677, 1683, (1988). This information is clearly supports the
conclusion that Palatine failed to take steps to resolve the doubt; and in such
furtherance of the violations continue till this day to withhold those wages.

## 2. EQUITABLE TOLLING

If in fact Palatine has withheld wages pursuant to ordinance and subject to the
employment agreement which was in effect at the time and subject matter to this case
*sub judice*, they remain in violation of the EPA [FLSA]; were precluded them from
seeking judgment in their favor and are in violation of Rule 11. Not only has Palatine
been permitted to discriminatorily pay women less than males for similar job
functions, conducted actions which are a pretext to sex discrimination, this Court by

12

order permitted Palatine to violate wage laws by not denying their motion and awarding McDonald withheld wages. This Court opines that Palatine's withholding of discovery materials when requested outside of court proceedings is insufficient to preclude granting of summary judgment, but fails to assert that Palatine was precluded from seeking summary judgment if they in fact knew as a matter of law they were precluded from doing so. This Court by its opinion chose to ignore the improper conduct of Palatine before the court, and instead chooses to admonish McDonald for pleadings which were a result of her legal skill. This is an overt denial of equal access by this Court.

## III.   CONCLUSION

This Court's conclusion rests on the suggestion that the facts were viewed in a light most favorable to McDonald, for all the reasons stated above and already of record, they were not. Where the order contains opinion which has material defects in the facts and application of the law and fails to take into account that the very fact that Palatine was deficient in applying the law to their argument in support of their motion precluded the granting thereof. Palatine is not entitled to judgment as a matter of law and this decision rendered departs from sound reason and justice and deprives McDonald of substantive rights without lawful justification, and as such this Court should reconsider its position and correct its own error, without further damage to McDonald. This Court cites, *Taylor v. Waterloo*, Not Reported in F.Supp.2d, 2009 WL 2589509 (N.D.Ill.,2009), stating that unsupported statements in a brief are not

13

evidence and cannot be given any weight, however preceding that finding resulting in that court's opinion the facts of that case, state that the party failed to respond at all to the moving party's statements, this is not the case with McDonald and therefore the determination that McDonald's statements were insufficient are void by virtue of the fact that she also controverted the moving party's statements. *Taylor v. Waterloo*, Not Reported in F.Supp.2d, 2009 WL 2589509 (N.D.Ill.,2009). Failure to correct the entry of these orders at this stage of the litigation would result in a violation of McDonald's Constitutional rights pursuant to the Fourteenth Amendment, where there appears to be some evidence that wages are improperly being withheld from McDonald without due process of law. Palatine is a municipal corporation and political subdivision of the State of Illinois and their actions to withhold discovery, proper disclosure, material misrepresentations and wages is an action done under the color of law and such conduct precludes this Court's findings.

McDonald further attaches 8 pages of documents which should have been provided with her response to the motion, and in an effort to correct a prior statement that all of the documents provided to her on February 13, 2006 were so attached consisting of 5 pages as SUPPLEMENTAL EXHIBIT 1. Also attached as SUPPLEMENTAL EXHIBIT 2 are the disputed September 2006 wage documents, which pertain to an insurance deduction from her wages cited in her response, but through inadvertent neglect had failed to attach said documents to her pleadings.

**Wherefore,** McDonald asks this Court to vacate the final order entered on June 29, 2012. In the alternative alter, amend or correct the judgment to correctly reflect the evidence before the Court. Grant McDonald all relief provided for United Rule 56, award compensatory, punitive, liquidated and unliquidated damages, interest on withheld wages and any other relief this Court deems right and just.

Respectfully submitted,

Michelle Iva McDonald
40938 Green Bay Road
Beach Park, Illinois 60099
847-385-4096
Mcdonald_michelle_e@yahoo.com

SUPPLEMENTAL EXHIBIT 1

## VILLAGE OF PALATINE - PERSONNEL SALARY SCHEDULE II

Effective January 1, 2006

### EXECUTIVE LEADERSHIP

Deputy Village Manager
Finance Director
Police Chief
Director of Public Works
Director of Information Systems
Village Engineer
Director of Community Services
Director of Planning & Zoning
Director of Human Resources

As determined by the Village Manager.
Not to exceed $117,600

### MANAGEMENT AND PROFESSIONALS

|  | Minimum | Maximum |
|---|---|---|
| Deputy Fire and Police Chiefs | $84,870 | $103,034 |
| Police Commanders | $76,590 | $93,150 |
| Fire Battalion/Division Chief | $76,590 | $93,150 |
| Assistant Finance Director | $70,380 | $90,945 |
| Assistant Director of Public Works | $70,380 | $90,945 |
| Assistant Village Engineer | $70,380 | $90,945 |
| Systems Engineer | $70,380 | $90,945 |
| Systems Manager | $70,380 | $90,945 |
| Fire Captains | $70,380 | $90,945 |
| Human Resources Coordinator | $60,030 | $79,592 |
| Neighborhood Services Field Director | $60,030 | $79,592 |
| Fire Prevention Field Director | $60,030 | $79,592 |
| Environmental Health Field Director | $60,030 | $79,592 |
| Accounting Manager | $60,030 | $79,592 |
| Assistant Village Manager | $56,925 | $72,450 |
| PEMA Coordinator | $56,925 | $72,450 |
| Public Information Officer | $52,785 | $67,855 |
| Executive Secretary | $46,575 | $64,129 |
| Deputy Village Clerk | $46,575 | $59,099 |

### OTHER

| | | |
|---|---|---|
| Crossing Guards | Not to exceed per hour: | $11.03 |
| Fire Inspectors | Not to exceed per hour: | $19.42 |
| Intern | Not to exceed per hour: | $12.69 |
| Seasonal Part Time | Not to exceed per hour: | $11.35 |
| Telephone Support Specialist | Not to exceed per hour: | $22.50 |
| Cable TV/Video Operator | Not to exceed per hour: | $15.00 |
| Meter Readers | Not to exceed | $0.44 per regular reading $1.57 per compound reading $0.05 per card |

ORDINANCE NO. 0-253-05

## ORDINANCE ESTABLISHING RATES OF COMPENSATION FOR CERTAIN OFFICERS AND EMPLOYEES OF THE VILLAGE OF PALATINE

Published in pamphlet form by authority of the
Mayor and Village Council of the Village of Palatine
On December 19, 2005

ORDINANCE NO. 0-253-05

## AN ORDINANCE
### ESTABLISHING RATES OF COMPENSATION
### FOR CERTAIN OFFICERS AND EMPLOYEES
### OF THE VILLAGE OF PALATINE

BE IT ORDAINED, by the Mayor and Council of the Village of Palatine, Cook County, Illinois, that:

SECTION 1: There is hereby established a schedule of annual pay ranges (with bi-weekly equivalents) which shall be the basis for establishing the rates of compensation for all officers and employees in the classes of positions described herein identified as "Personnel Salary Schedule I", attached hereto and made a part of this ordinance.

SECTION 2: Each of the foregoing salary ranges shall consist of a minimum rate which is the lowest amount in the columns opposite the range number, a maximum rate which is stated in Column "8" and the intermediate steps which are stated in Columns between the minimum and the maximum.

SECTION 3: Each class of positions in the service of the Village is assigned a salary range number, and for each class of positions, the minimum rate of compensation shall be the lowest amount in the columns opposite such range number, as shown in Personnel Salary Schedule I - 1 step.

SECTION 4: Salary ranges of all other officers and employees are fixed at the rates not to exceed those contained in Personnel Salary Schedule II, attached hereto and made a part hereof.

SECTION 5: Classifications shall be paid within the ranges and steps listed opposite each class title as shown in Personnel Salary Schedule I and II, and no employee shall be paid any base rate lower than the minimum or higher than the maximum rate of compensation in the salary range established for his position.

SECTION 6: Upon the original appointment of an employee hereafter employed by the Village, he shall receive the minimum rate of pay prescribed by this ordinance for the class of position to which he is appointed, unless the Village Manager shall determine that the best interests of the Village require that the appointment be made and compensation fixed at one of the intermediate rates between the minimum and maximum prescribed by said section. Increase in the compensation of employees hereafter employed, to the several steps provided in this ordinance, within the applicable range, shall be made by order of the Village Manager and shall be based upon merit and service and shall be in compliance with the rules therefore to be made by the Village Manager, subject to the approval of the Mayor and Council. Reductions from one step to another, within the range prescribed for the class, shall be made by order of the Village Manager and shall be based upon cause and shall be in compliance with rules therefore to be made by the Village Manager, subject to the approval of the Mayor and Council. The Village Manager shall make rules subject to the approval of the Mayor and Council which shall be applicable upon the transfer or promotion of an employee from one class to

another.

**SECTION 7:** The Village Manager shall make rules subject to the approval of the Mayor and Council, defining overtime for Village employees and providing a method of compensating for the same.

**SECTION 8:** All ordinances or parts of ordinances in conflict with this ordinance be and the same are hereby repealed.

**SECTION 9:** This ordinance shall take effect and be in full force and effect on January 1, 2006.


**PASSED:** This __19__ day of _____December_____, 2005

**AYES:**__6__ **NAYS:**__0__ **ABSENT:**__0__ **PASS:**__0__

**APPROVED** by me this __19__ day of _____December_____, 2005

_____
Mayor of the Village of Palatine

ATTESTED and FILED in the office of the Village Clerk this __19__ day of

_____December_____, 2005.

_____
Village Clerk

SUPPLEMENTAL EXHIBIT 2

# VILLAGE OF PALATINE

200 E. Wood Street Palatine, IL 60067-5339
Telephone (847) 359-9050 Fax (847) 359-9094
www.palatine.il.us

July 10, 2006

NCPERS Group Life Insurance
c/o American Administrative Group
P. O. Box 95291
Chicago, IL 60694-5291

RE:     M. McDonald
        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
        6/2006

Dear Administrator:

Please accept this letter as written request to refund our previous employee, Michelle McDonald, the
½ month's premium of $8 directly.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Sonia Zavolokoff
Human Resources Assistant
847-202-6603



## Voluntary Group Life Insurance Plan
**American Administrative Group, Inc.**
10303 E. Dry Creek Road, Suite 200
Englewood, Colorado 80112
1-800-525-8056

September 5, 2006

Michelle McDonald
409 N. Northwest Hwy Unit 8
Palatine, IL 60074

**Re: NCPERS Group Life Insurance Premium.**

Dear Ms. McDonald:

I have enclosed a check for $8.00 for the overpayment of premium when you worked
for the Village of Palatine.

If you have any questions, please call me at the number below.

Sincerely,

Lavern Myres
Premium Administrator 1-800-525-8056

LDC: letterform/drycreek.doc          *NCPERS is a non-profit organization organized to provide education and support of public employee retirement
systems. NCPERS has no role in the administration of the life insurance program and the benefits are guaranteed
solely by the insurance carrier. NCPERS is compensated solely for the use of its name, service marks and mailing lists.*

| DATE | INVOICE NO | COMMENT | AMOUNT | DISCOUNT | NET AMOUNT |
|------|-----------|---------|--------|----------|------------|
| 09/01/2006 | SEP06 | OVPD PREMIUM/ TERMED | 8.00 | 0.00 | 8.00 |

| CHECK: | 002638 | 09/01/2006 | MICHELLE MCDONALD | CHECK TOTAL: | 8.00 |
|--------|--------|------------|-------------------|--------------|------|