Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5435 | **DATE** | 10/25/2012 |
| **CASE TITLE** | Michelle Eva McDonald vs. Village of Palatine | | |

**DOCKET ENTRY TEXT**

Plaintiff's Rule 59 & Rule 60 Post-Judgment Motion [86] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Before the Court is pro se Plaintiff Michelle Eva McDonald's ("Plaintiff") motion titled "Plaintiff's Rule 59 & Rule 60 Post-Judgment Motion." Plaintiff seeks relief from the Court's decision granting summary judgment to Defendant Village of Palatine ("Defendant"). For the following reasons, Plaintiff's motion is denied.

A motion pursuant to Federal Rule of Civil Procedure 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "[A] motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." Casten v. Durso, No. 11 C 50252, 2012 U.S. Dist. LEXIS 151556, at *3 (N.D. Ill. Oct. 22, 2012) (quoting Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011)). Rule 59(e) "requires that the movant clearly establish one of the aforementioned grounds for relief." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (internal quotation marks and citations omitted). The Court can only consider "newly discovered evidence that the party could not have introduced during the pendency of the summary judgment motion." Marion v. City of Corydon, 559 F.3d 700, 704 (7th Cir. 2009). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiff filed her complaint for violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), on September 23, 2008. Pursuant to the EPA, a cause of action "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In granting summary judgment to Defendant, the Court found that "there [was] no genuine issue of material fact as to the existence of a willful violation of the EPA" and therefore "Plaintiff's action [was] . . . time-barred by the applicable two-year statute of limitations." Opinion and Order, June 29, 2012.

Plaintiff first argues that the Court applied an improper standard for summary judgment. Specifically, Plaintiff claims that the Court erred by requiring her to produce evidence in support of her alleged facts relevant to the appropriate statute of limitations. Plaintiff is incorrect. It is well established that Plaintiff, as the nonmoving party opposing summary judgment, "may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" Siegel v. Shell Oil Co., 612 F.3d 932, 937 (7th Cir. 2010) (quoting Fed. R. Civ. P. 56(e)). Additionally, as the Court noted in its June 29, 2012 Opinion, Defendant provided Plaintiff with a "Notice to Pro Se Litigant" which explained that her "list of disputed facts should be supported by [her] documents or declarations." Notice to Pro Se Litigant 1; Opinion and Order, June 29, 2012.

Plaintiff failed to provide evidence that she received a paycheck in September of 2006 to support her allegation that she met the EPA's two-year statute of limitations for her claim, filed on September 23, 2008. As a

result, the Court accepted May 12, 2006, as Plaintiff's final day of work and—without a genuine issue of material fact in support of a willful violation—found that Plaintiff was barred by the EPA's two-year statute of limitations. Accordingly, the Court correctly applied the rules for summary judgment, which require evidentiary support for facts that purport to show a genuine issue for trial. See Fed. R. Civ. P. 56(e).

Despite Plaintiff's allegation that she was not required to provide support for her alleged facts, she now seeks to submit documents to support the existence of her alleged paycheck from September 2006. Plaintiff attached to the instant motion letters and a check stub showing that, on September 5, 2006, NCPERS Group Life Insurance issued her an $8.00 check for overpayment of her insurance premium from when she worked for Defendant. See Pl.'s Rule 59 & Rule 60 Post-Judgment Mot. Ex. 2. First, this does not constitute an error of law or "newly discovered evidence" that would entitle a party to relief under Rule 59(e). Plaintiff admits that she had the information in her possession but, "through inadvertent mistake she had failed to attach copies of these documents to her response." Id. at 3.

Second, even if Plaintiff's receipt of an insurance overpayment was now admissible as evidence of a paycheck, it would have no effect on the Court's decision granting summary judgment to Defendant. Plaintiff's documents show that the letter was sent on September 5, 2006. Plaintiff filed her complaint on September 23, 2008. Even assuming the letter and check took up to five days to reach Plaintiff, they would still have been received more than two years before she filed suit. Therefore, the insurance check is irrelevant as Plaintiff would still fail to meet the applicable two-year statute of limitations under the EPA.

Next, Plaintiff argues that the Court improperly found that she failed to raise a genuine issue of material fact as to a willful violation of the EPA, which would have resulted in the application of a three-year statute of limitations. In support of this argument, Plaintiff appears to assert that Defendant withheld certain amended village ordinances regarding her rate of pay, which Defendant later attached to its motion for summary judgment. See Def.'s Rule 56.1(a)(3) Statement Ex. A; Pl.'s Rule 59 & Rule 60 Post-Judgment Mot. 9-12. Plaintiff claims that the ordinances that Defendant allegedly withheld constitute "an affirmative act to preclude McDonald from determining if she was paid in violation of the EPA." Pl.'s Rule 59 & Rule 60 Post-Judgment Mot. 11. To the extent that Plaintiff argues that the ordinances she seeks to attach to the instant motion prove willfulness, her argument fails. "A Rule 59(e) motion is not an avenue to rehash arguments already considered and rejected by the Court. Nor does it allow a party to advance arguments that could have and should have been presented to the district court prior to the judgment." Arriaga v. Wells Fargo Bank, No. 09 C 2115, 2012 WL 4498117, at *1 (N.D. Ill. Sept. 27, 2012) (internal quotation marks and citations omitted). Accordingly, the Court rejects Plaintiff's argument.

In addition, Plaintiff's instant motion contains an argument under a heading titled "Equitable Tolling." However, Plaintiff fails to develop a discernable argument regarding equitable tolling. To the extent that Plaintiff's argument is merely a reiteration of allegations previously considered and rejected by the Court, the argument is rejected. See id.

Finally, in so far as Plaintiff's allegations could be construed as a motion pursuant to Rule 60(b) for relief on the basis of "mistake, inadvertence, surprise, or excusable neglect," the argument likewise fails. Fed. R. Civ. P. 60(b)(1). "Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances.'" Eskridge v. Cook Cnty., 577 F.3d 806, 809 (7th Cir. 2009) (quoting McCormick v. City of Chi., 230 F.3d 319, 327 (7th Cir. 2000)). Significantly, "neither Rule 59(e) nor Rule 60(b) of the Federal Rules of Civil Procedure allows for postjudgment relief based on evidence that could have been presented before judgment was entered." Jones v. A.W. Holdings LLC, No. 11-2403, 2012 WL 2337351, at *5 (7th Cir. June 13, 2012). Such is the case here. Plaintiff admits that she had possession of her alleged paycheck at the time of summary judgment, and village ordinances are a matter of public record. Moreover, the Court has already found that even if Plaintiff's new information was admissible, it is irrelevant and would not have changed the result of summary judgment in favor of Defendant. Therefore, Plaintiff's arguments pursuant to Rule 60(b) also fail. Accordingly, Plaintiff's motion is denied.

IT IS SO ORDERED.